IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON HUNTER, | ) |
|       Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL NO. 07-355-MJR |
| JOHN WIEBLER, | ) ) ) |
|       Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Clinton County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states he "went AWOL" on his parole on June 29, 2005, but his parole officer,

Defendant Wiebler, did not immediately file a parole-violation report. On July 9, 2005, Plaintiff was arrested for domestic battery, to which he pleaded guilty on August 15, 2005. He claims that had Wiebler "done his job better" by filing a timely violation report, Plaintiff would not now be serving time on a domestic battery charge.

Yes, it is true that this domestic battery incident would not have occurred if Plaintiff had been arrested as a parole violator prior to the date that incident occurred. However, Plaintiff's theory has one huge hole in it – he would not have been arrested on domestic battery charges had *he* not committed the actions. To claim that *Wiebler* is to blame for Plaintiff's act of domestic battery incident is, in a word, *ludicrous*.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 2nd day of January, 2008.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**