# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON HUNTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-355-MJR |
| JOHN WIEBLER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion challenging the dismissal of this action (Doc. 12). The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons express by the movant." *Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005); *Obriecht v. Raemisch,* No. 07-1924 (7th Cir. Feb. 22, 2008).

In this case, Plaintiff alleges that the Court misconstrued his complaint and applied the wrong legal analysis. Therefore, the Court will consider this to be a motion to alter or amend judgment filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law

or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

The Court's initial reading of the complaint was summarized as follows in the order in question (Doc. 10):

> Plaintiff states he "went AWOL" on his parole on June 29, 2005, but his parole officer, Defendant Wiebler, did not immediately file a parole-violation report. On July 9, 2005, Plaintiff was arrested for domestic battery, to which he pleaded guilty on August 15, 2005. He claims that had Wiebler "done his job better" by filing a timely violation report, Plaintiff would not now be serving time on a domestic battery charge.

Plaintiff claims that this is an incorrect interpretation of his complaint (Doc. 1), which reads as follows:

> On or about Dec 1 my parole officer John Wiebler put a warrant for my arrest. I was already in custody in the St. Clair County for pending charges concerning the use of a firearm. On 12-14-05 I was taken to Menard by my parole officer John Wiebler. When we arrived at Menard he had my violation report. He asked me to sign it. I glanced at it and it appear wrong. But he told me it didn't matter because I was not admitting guilt by signing. So I signed it. A couple days later my case worker brought me a copy of my violation report. When I had a chance to read it more better I informed her it was not correct. I then refused to sign the paper. A week later she brought me the same violation report I refused again.
>
> I refused to sign my violation report because my parole officer wrote that "I went to my victim house and shot him. But the police reports and my statement say the guy was at my house. In my violation report he say I was AWOL since 6-29-05. John Wiebler was supposed to put a warrant for my arrest when I went AWOL. On July 9 2005 I was arrested for domestic battery Illinois case no. 05-CM-5029. John Wiebler still didn't put a warrant out for me. I plead guilty August 19, 2005. If John Wiebler would have done his job better I would not be lock up for this case now. He show no care for me or my well being. If he would have did his job in a correct manner, no body would have gotten hurt and I would be out.

Plaintiff's argument now is two-fold. He first points out that he complained about Wiebler's failure to put out a timely *arrest warrant*, not Wiebler's failure to file a parole-violation report. He next clarifies that he is not currently serving time on the domestic battery charge. Rather, he is currently serving time stemming from a federal prosecution in November 2005. Plaintiff tries to clarify his argument:

> Wiebler was suppose to put a warrant for my arrest when I went AWOL. Then when I got locked up for the domestic battery. I was never suppose to be release. And I never would have been locked up on 11-30-05.

The Court apparently misunderstood the facts as set forth in the complaint, but the analysis remains the same. Plaintiff's basic argument is that Wiebler failed to file a timely arrest warrant, and due to Wiebler's inaction, Plaintiff was released from custody and presented with an opportunity to commit yet another crime. Regardless of what paperwork Wiebler failed to file, it is not Wiebler's fault that Plaintiff is currently in custody. Plaintiff is in custody due to his own actions that he alone controlled.

Consequently, upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915 was correct. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 16th day of June, 2008.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**